William K. Carpenter and Francis K. Carpenter v. Commissioner.
Carpenter v. Commissioner
Docket No. 65446.
United States Tax Court
T.C. Memo 1962-176; 1962 Tax Ct. Memo LEXIS 135; 21 T.C.M. (CCH) 975; T.C.M. (RIA) 62176; July 25, 1962
*135 Held: Certain amounts paid in 1954 to an insurance company in the form of interest on purported annuity contract loans are not deductible. Kenneth W. Gemmill, Esq., 1600 Three Penn Center Plaza, Philadelphia, Pa., and Gordon W. Gerber, Esq., for the petitioners. Max J. Hamburger, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of the petitioners for the year 1954 in the amount of $172,254.63. Certain adjustments made by respondent have not been contested. The only issue presented is whether petitioners are entitled to deduct as interest, payments made by the petitioner, William K. Carpenter, to the Old Republic Credit Life Insurance Company in 1954, in the amount of $189,834.33. Findings of Fact Most of the facts have been stipulated by the parties and the Stipulations of Facts, together with the exhibits attached thereto, are incorporated herein by this reference. William K. Carpenter (sometimes hereinafter referred to as petitioner) and Francis K. Carpenter, are husband and wife residing in Wilmington, Delaware. They have two children. Their joint individual *136 income tax return for the taxable year 1954 was filed with the district director of internal revenue at Wilmington, Delaware. During December 1953 and January 1954, William J. Robinson, an independent life insurance broker in Wilmington, contacted petitioner on several occasions. Robinson knew petitioner as one who participated in safaris and big game hunting, flew his own plane and owned expensive racing cars which he drove himself in professional sports car races. For these reasons, Robinson did not consider petitioner an insurable risk and did not attempt to sell him life insurance. He also knew petitioner as a man of considerable wealth who received substantial income from a number of trusts, the corpus of which would be distributable upon the death of his mother, then 70 years of age, and that he was in the upper income tax brackets. He discussed with petitioner the purchase of an annuity, how it could be financed through borrowings and the tax benefits to be obtained through the deduction of interest paid on such borrowings. Copies of a number of unpublished Internal Revenue letter rulings addressed to other taxpayers and relating to the deduction of interest paid on borrowings *137 to be used to obtain annuities were exhibited to petitioner by Robinson. None of such rulings were addressed to petitioner. As a result of these conversations Robinson sold to petitioner a single premium annuity policy for $500,000. The policy was placed by Robinson with the Old Republic Credit Life Insurance Company (hereinafter referred to as Old Republic Life), which has its principal place of business in Chicago, Illinois, through its general agent, Evan L. Synnestvedt. The transaction was consummated and financed in the following manner and form. On January 19, 1954, petitioner made application to Old Republic Life for a $500,000 single premium annuity policy, stating his occupation was that of a "Naturalist" and his date of birth was May 27, 1919. The application was for a "Single Premium Retirement Annuity at age 70." On January 22, 1954, Old Republic Life, by W. K. Poulsom, assistant secretary-treasurer of Old Republic Life, wrote to Edward Mann, vice president of Philadelphia National Bank, outlining the general terms by which the sale of policy AN-102 was to be made and financed. This letter was as follows: Mr. Edward Mann, Vice President, The Philadelphia National *138 Bank, 1416 Chestnut Street, Philadelphia 2, Pennsylvania
Re: Annuity No. 102 William K. Carpenter Dear Mr. Mann: We have been instructed by our agent, Evan L. Synnestvedt, to issue Annuity Contract AN 102 with a single premium of $500,000 which is enclosed. There has also been requested a loan for the first year value of $492,000.00 with interest payable of $19,680.00. The necessary completed loan agreements are to be presented to you along with check from annuitant for the interest of $19,680.00. There is also required payment of the single premium of $500,000. Upon receipt of the above totaling $519,680.00 you may deliver the enclosed check for loan of $492,000.00 made payable to your bank as we presume that you have an assignment on the policy. We appreciate your co-operation in this transaction and when completed kindly return the necessary forms for our file along with the necessary deposit slips. * * *
On January 25, 1954, petitioner made application to the Philadelphia National Bank, Philadelphia, Pennsylvania, for a loan in the amount of $492,000. This loan was evidenced by petitioner's personal note, bearing interest at the rate of 4% per annum, and was *139 secured by a pledge of petitioner's above described annuity contract and an assignment of all of his rights under the annuity contract to Philadelphia National Bank. At the same time petitioner assigned the proceeds of the above-described loan to Old Republic Life and authorized the Philadelphia National Bank to pay over the loan proceeds of $492,000 directly to Old Republic Life. Upon execution of said note and the granting of the $492,000 loan by Philadelphia National Bank, Annuity Contract No. AN-102, which had been forwarded to Philadelphia National Bank by Old Republic Life with its letter of January 22, 1954, became effective as of January 19, 1954, the date of petitioner's application therefor. The $492,000 loan from Philadelphia National Bank to petitioner was credited directly by the Philadelphia National Bank to an account in the name of Old Republic Life. Petitioner also deposited with the Philadelphia National Bank his personal check in the amount of $8,000 which, together with the $492,000 loan, made the total payment of $500,000 for Annuity Contract No. AN-102. Petitioner had no bank account at the Philadelphia National Bank. On the same date, to-wit, January 25, 1954, petitioner *140 made application for and was granted by Old Republic Life a loan of $492,000 under Annuity Contract No. AN-102. In the application therefor petitioner requested that the check of Old Republic Life for the $492,000 be drawn to the sole order of the Philadelphia National Bank. At the same time, petitioner executed an Annuity Loan Agreement wherein he agreed to pay Old Republic Life $492,000 with interest at the rate of 4% per annum, payable in advance on the anniversary date of Contract No. AN-102. Contract AN-102 was assigned as security for such payment and the agreement further provided that there was to be no personal liability upon petitioner, sole recourse being against the Annuity contract. The proceeds of the loan which Old Republic Life made to petitioner in the amount of $492,000 were used to pay off petitioner's loan obligation to the Philadelphia National Bank in the amount of $492,000. In this transaction petitioner was charged interest by Philadelphia National Bank on the $492,000 loan, for one day, which amounted to $54.67, and clearance charges of $345.33, or a total of $400. By his personal check, dated January 25, 1954, drawn on the Equitable Trust Company of Wilmington, *141 Delaware, and payable to the order of Old Republic Life, petitioner paid to the Philadelphia National Bank, to be credited to the account of Old Republic Life, the sum of $19,680, denominated interest for the period January 19, 1954, to January 19, 1955, on the loan of $492,000 made by Old Republic Life to petitioner on Annuity Contract No. AN-102. The official receipt for this payment had previously been countersigned by an official of Old Republic Life on January 19, 1954. On conclusion of the transaction on January 25, 1954, the Philadelphia National Bank, by its vice president, Edward Mann, wrote to W. K. Poulsom, assistant secretary-treasurer of Old Republic Life, concerning consummation of the transaction and forwarded to Old Republic Life Annuity Contract No. AN-102; the assignment of said contract to Philadelphia National Bank with power of attorney; petitioner's agreement that the proceeds of the loan made to him by the Philadelphia National Bank in the amount of $492,000 be paid directly to Old Republic Life; petitioner's letter to Old Republic Life requesting a loan of $492,000 and authorizing that its check for $492,000 be drawn to the sole order of the Philadelphia National *142 Bank (in repayment of the loan which Philadelphia National Bank had that same day made to petitioner); the Annuity Loan Agreement covering the loan of $492,000 by Old Republic Life to petitioner; and copies of deposit slips, including the deposit of the $492,000 loan made by Philadelphia National Bank to petitioner direct to the account of Old Republic Life in the Philadelphia National Bank. Upon conclusion of the transaction, Philadelphia National Bank also tendered a check payable to the order of Evan L. Synnestvedt in the amount of $15,000 which had previously been forwarded to the bank by Old Republic Life under date of January 22, 1954, representing the commission of Evan L. Synnestvedt in connection with the sale of Annuity Contract No. AN-102 to petitioner. The entire transaction relative to the financing of the purchase of Annuity Contract No. AN-102 was prearranged and Old Republic Life requested the Philadelphia National Bank to conclude the transaction in the manner and form set forth above. There is no evidence petitioner was present in the Philadelphia National Bank on January 25, 1954, when the transactions indicated above took place or that he ever had possession *143 and control of Annuity Contract No. AN-102, or any of the other documents mentioned other than when signing them, or that he now has possession of the contract. Annuity Contract No. AN-102 designated petitioner, William K. Carpenter, as the annuitant and provided that the insurance company, Old Republic Life, would pay to petitioner a life annuity of $10,371.82 each month beginning on January 19, 1989, "When petitioner would be 70 years of age," (the anniversary date nearest his seventieth birthday) and provided further that if petitioner died before commencement of any income settlement or before the cash value of the contract had been paid, the single premium paid, without interest, or the cash value to which petitioner would have been entitled at the date of his death, whichever is greater, less any indebtedness and advances, would be payable to his wife, Francis K. Carpenter. Consideration for the contract was the application and the payment of a single premium of $500,000. Annuity Contract No. AN-102, also provided for cash or loan values as follows: End of Year
Value
1
$ 492,000
2
506,500
3
522,000
4
537,500
5
553,500
6
570,000
7
587,500
8
605,000
9
623,000
10
641,500
11
661,000
12
681,000
13
701,000
14
722,500
15
744,000
16
766,000
17
789,000
18
813,000
19
837,500
20
862,500
21
888,500
22
915,000
23
942,500
24
970,500
25
1,000,000
26
1,030,000
27
1,060,000
28
1,092,500
29
1,125,500
30
1,159,000
31
1,194,000
32
1,229,500
33
1,266,500
34
1,304,500
35
1,343,500
36
1,384,000
37
1,425,500
38
1,468,000
39
1,512,500
40
1,557,500
*144 On November 17, 1954, petitioner paid to Old Republic Life the sum of $170,154.33, designated as an advance payment of interest covering the period January 19, 1955, to January 19, 1962, inclusive. On the same date, November 17, 1954, petitioner borrowed the additional sum of $113,000 from Old Republic Life, being the increased loan value of Annuity Contract No. AN-102 for the period January 19, 1955, to January 19, 1962, inclusive, resulting from petitioner's prepayment of interest for that period. As a result of his borrowing of the additional sum of $113,000 on November 17, 1954, petitioner's total indebtedness to Old Republic Life on Annuity Contract AN-102 was increased to the total amount of $605,000. Annuity Contract No. AN-102 provided, inter alia, as follows: Cash Loans. At any time after the single premium has been paid, and while this contract is in force except under the paidup annuity provisions the Company, on receipt of this contract and of a satisfactory loan agreement, will loan to the owner on the sole security hereof any sum not exceeding the cash value of the contract for the end of the current contract year. * * * Interest in advance at the rate of four per *145 centum per annum will be collected on the loan to the end of the current contract year. Interest at the same rate will be due and payable annually in advance thereafter, and if not paid when due shall be added to and become a part of the principal of the loan and bear interest at the same rate. * * * Petitioner's policy loan and interest payment record as reflected by the books and records of Old Republic Life are as follows: POLICY LOAN RECORD
Policy No. - AN 102
Name - William K. Carpenter
Loan Due - 1/19
Loan Issued - 1/19/54
Amount of Loan - $605,000
Date of Policy - 1/19/54
INTEREST RECORD
PRINCIPAL
Date Pd.
Amount
Paid to
Date Pd.
Amount
1/19/54
$19,680
1/19/55
11/19/54
3,280
Refunded
11/19/54
4,033.33
1/19/55
11/19/54
24,200
1/19/56
11/19/54
24,200
1/19/57
11/19/54
24,200
1/19/58
11/19/54
24,200
1/19/59
11/19/54
24,200
1/19/60
11/19/54
24,200
1/19/61
11/19/54
24,200
1/19/62
No social security number or occupation is shown on petitioner's return for 1954, either for petitioner or his wife. Substantially all of their income is shown as having been derived from dividends and trusts. *146 Petitioner's trust income amounted to $649,317.30; his wife's trust income was $39,318.75. The adjusted gross income reported on their return was $775,103.11 and the net taxable income reported was $482,897.04. A deduction in the amount of $189,834.33 was taken on the return as interest alleged to have been paid to Old Republic Life (on loans used in the acquisition of Annuity Contract No. AN-102). Respondent disallowed this deduction. At the time he paid the interest on the loans used in the acquisition of Annuity Contract No. AN-102, petitioner knew that his 1954 income would be very substantial and was aware of the tax advantage to be obtained by the deduction of such interest. He was the beneficiary of, and received income from several large trusts, corpus of which would be distributable to him upon his mother's death. But for the tax saving factor petitioner would not have purchased Annuity Contract No. AN-102. The $492,000 borrowed by petitioner from Old Republic Life on January 25, 1954, represented the full loan or cash value of Annuity Contract No. AN-102 for the period January 19, 1954, to January 19, 1955, the first effective year of the contract. The additional $113,000 *147 borrowed by petitioner from Old Republic Life on November 17, 1954, represented the full loan or cash value of Annuity Contract No. AN-102 for the period January 19, 1955, to January 19, 1962. Subsequent to the filing of the petition herein, on February 7, 1961, petitioners made a payment in the total amount of $228,085.97, of which $168,952.57 represented payment of tax and $59,133.40 was for interest, with respect to the taxable year 1954. Opinion On the facts presented, the instant case is indistinguishable in principle from , and is controlled by the Supreme Court's decision in that case. See also , and , both affd. sub nom. (C.A. 3, 1959), certiorari denied ; ; Amor F. Pierce, 37 T.C. - (March 7, 1962) (on appeal C.A. 9); A. A. Helwig, 37 T.C. - (March 7, 1962); (C.A. 2, 1960), affirming a Memorandum Opinion of this Court, certiorari denied . *148 No economic value remained in the contract during the eight year period for which petitioner allegedly paid interest in 1954. The transactions which occurred during 1954 had no economic or commercial substance apart from an intended tax benefit. Petitioner's argument relating to his reliance upon unpublished ruling letters out of the Office of the Commissioner of Internal Revenue holding deductible certain interest payments made by other taxpayers under similar circumstances, is without merit. A similar argument was presented and rejected by the Court of Appeals for the Third Circuit in There is likewise no merit to petitioner's suggestion that this Court is bound by the opinions and orders of the Delaware State Tax Board that the interest paid by petitioner in 1954 was a proper interest deduction in the State of Delaware. We hold that respondent correctly disallowed the claimed interest deduction in the amount of $189,834.33 involved herein. Decision will be entered under Rule 50.